**Robert KLEIN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–614T.**

United States Court of Federal Claims.

June 28, 1994.*

Michael I. Saltzman, New York City, attorney of record for plaintiff.

Steven I. Frahm, Washington, DC, with whom was Asst. Atty. Gen. Loretta C. Argrett, attorney of record for defendant.

ORDER

HARKINS, Senior Judge:

The complaint in this case was filed September 28, 1993, for refund of penalty assessed under IRC § 6672 for unpaid federal employment taxes withheld from wages of employees of Parkline Corporation. Defendant's time to answer or otherwise plead has been enlarged a total of 150 days to April 29,

---

* This order was filed unpublished on June 28, 1994. Thereafter, defendant filed a request to publish pursuant to RCFC 52.1. The request is

1994. Defendant has not answered nor filed a counterclaim.

The IRS filed on April 4, 1994, a notice of Federal Tax Lien for taxes assessed for the third quarter of 1989 and the first quarter of 1990. Plaintiff has received a notice dated April 20, 1994, from Citibank of an IRS levy covering the third quarter of the 1989 tax period.

The matter is before the court on defendant's motion filed April 28, 1994, to suspend proceedings while it pursues a related collection action against plaintiff and another individual in the District Court for the Southern District of New York, and plaintiff's motion, filed May 9, 1994, for an order to prevent defendant from pursuing administrative collection action against plaintiff.

Briefing on these motions was completed on June 9, 1994. Oral argument is not necessary.

*Background*

Parkline Corporation was a manufacturer of elevator cabs that had been in business for about 60 years at the time it went into bankruptcy in 1990. Plaintiff, during the relevant tax periods, was its President, with duties in sales and marketing, customer services and sales engineering. The relevant tax periods are quarters ending: December 31, 1988, March 31, 1989, September 30, 1989, and March 31, 1990. The IRS determined that plaintiff under IRC § 6672 was a person required to pay over employment taxes Parkline withheld from the wages of its employees and that he willfully failed to do so. The IRS also has assessed "responsible person" penalties under IRC § 6672 against Parviz Motamed, Vice President of Parkline Corporation, for the relevant periods.

The first notice of the IRS intention to assess trust fund penalties against plaintiff was sent by the IRS on December 21, 1989. Prior to the first notice to plaintiff, the IRS was negotiating with Mr. Motamed for identical trust fund penalties.

On October 1, 1990, the IRS assessed a penalty against plaintiff under IRC § 6672

---

allowed, and the order is reissued for publication, this date, August 9, 1994.

for unpaid federal employment taxes withheld from the wages of employees of Parkline in the quarter ending March 31, 1990, in the amount of $76,781.12. On April 3, 1992, the IRS assessed a penalty against plaintiff under IRC § 6672, for the quarter ending September 30, 1989, in the amount of $373,166.51.

The assessment for the quarter ending March 31, 1990, has been partially satisfied. Plaintiff on November 12, 1990, received a notice from the IRS that an overpayment for his 1986 tax year in the amount of $5944.53, with interest, was being applied to that assessment. Similarly, the assessment for the quarter ending September 30, 1989, has been partially satisfied. Plaintiff on June 29, 1992, received notices from the IRS that overpayments for his 1985 and 1987 tax years totalling $19,624, with interest, were being applied against the assessment for the quarter ending September 30, 1989.

On August 27, 1992, plaintiff filed with the IRS a claim for a refund of $5,944.53, the partial payment of the assessment for the quarter ending March 31, 1990. In the absence of a response from the IRS, plaintiff filed the complaint in this case, seeking a refund of $5,944.53.

On November 18, 1993, in order to clarify alleged errors in the April 3, 1992, assessment, plaintiff filed three claims for refund with the IRS, relative to quarters ending December 31, 1988, March 31, 1989, and September 30, 1989, that evenly allocated to each period the $19,061 overpayment. The IRS has not responded to those claims. The complaint does not include a claim for refund of the $19,061 partial payment.

Defendant filed its collection suit in the district court on May 2, 1994. Defendant asserts that the total unpaid penalties assessed against plaintiff for the 1989 and 1990 quarters, plus accrued interest, equals $472,975.67. Defendant asserts the unpaid balance of the assessments against Mr. Motamed, plus accrued interest, equals $574,388.96.

There is no question that the trust fund amounts required from Parkline Corporation for the relevant tax periods in fact were not timely paid. The core issue is to determine from whom the IRS can collect taxes owed to the trust funds. The IRC authorizes the IRS to collect from funds available in the bankrupt estate of Parkline Corporation, or to collect from any responsible person who willfully failed to collect, account for, and payover such taxes.

*Disposition*

Plaintiff argues that, because he properly has invoked the jurisdiction of this court for the refund of the divisible portion of the employment tax owed for one employee for one tax quarter, his claim should not be suspended pending completion of the district court action. Plaintiff asserts: (1) granting this motion would deny plaintiff his statutory right to choose the forum for his refund suit, (2) plaintiff and Motamed's liabilities are completely different issues and will involve individualized facts, thereby eliminating any need to have plaintiff's case decided in New York, and (3) the Government should not be permitted to unreasonably delay plaintiff's suit in this forum in an underhanded attempt to forum shop.

Plaintiff bolsters his opposition by reference to the "first to file" rule: where two courts have concurrent jurisdiction, the court that first has possession of a case should decide it. The first court in which jurisdiction attaches has priority to consider the case. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985).

The circumstance that plaintiff properly has invoked the refund jurisdiction of this court does not preclude suspension of the action in this court. Essentially, effective case management is a matter of discretion that involves many elements additional to the jurisdictional power to act.

Plaintiff's arguments that the motion to suspend should be denied and that the IRS collection action should be enjoined have their genesis in footnotes that are dicta in Supreme Court decisions that concern the "full payment" rule for tax refunds, or restraints on revocation of letter rulings relative to tax exempt status under IRC § 501(c)(3). *Flora v. United States,* 362 U.S. 145, 171 n. 37, 80 S.Ct. 630, 644–46 n. 37, 4 L.Ed.2d 623 (1960), & *Bob Jones Univ. v.*

*Simon,* 416 U.S. 725, 748 n. 22, 94 S.Ct. 2038, 2051 n. 22, 40 L.Ed.2d 496 (1974). These footnotes concern refund suits for installment payments, pre-enforcement injunctive suits by organizations claiming IRC § 501(c)(3) status, and specifically did not decide whether injunctive relief is possible in a refund case. Neither of these cases was concerned with the issues involved in this case or in these motions. The exception to the "full payment" rule that applies to refunds of partial payments in employment taxes is a benefit conferred in the arcane complexities of the IRC. Plaintiff's argument turns this taxpayer benefit into a procedural sword that weakens statutory policies that apply to refunds in employment tax cases.

Defendant has not filed a counterclaim for the unpaid balance owed for the 1990 quarter. A counterclaim is not compulsory. *Flora,* 362 U.S. at 166, 80 S.Ct. at 641. Defendant has the statutory right to file a collection action in the district court for the unpaid assessments.

Plaintiff is not the only person who has been assessed penalties pertaining to Parkline Corporation's withheld employment taxes for the 1990 quarter that were not paid over to the United States. Defendant, however, cannot bring an action in this court against Mr. Motamed to collect the assessment, and cannot join him in plaintiff's case. *See Bowser v. United States,* 420 F.2d 1057, 1062, 190 Ct.Cl. 441 (1970). If defendant were to counterclaim against plaintiff in this case, it would still be necessary to pursue Mr. Motamed in district court.

In responsible person cases under IRC § 6672, motions to suspend usually are granted routinely. To avoid unnecessary litigation, the government routinely files a collection action in the proper district court for the unpaid assessed penalties of all assessed persons, including the plaintiff who has filed a refund action in this court. Contemporaneously, the government moves to suspend the refund action in this court, which generally is for only a modest amount. As the Court of Claims previously has held in granting such a motion to suspend, "[i]t would serve no useful purpose to go forward in this court at this time with proceedings which are bound to be duplicative." *Allen v. United States,* 225 Ct. Cl. 555, 558, 1980 WL 13172 (1980).

While plaintiff's choice of forum is a matter of some moment, his $5,944.53 refund suit, on which no substantive action yet has been taken, does not compel conducting two legal actions. Suspension of plaintiff's action while the collection action for much larger sums proceeds in the District Court, results in only one proceeding. The judgment of the district court will be res judicata of plaintiff's refund suit in this court. In contrast, two proceedings may be necessary if this action is not suspended. Even if this court were to enter judgment first with respect to plaintiff's liability, which would be res judicata of the government's collection action against him in district court, that judgment would not resolve Mr. Motamed's liability. The district court action will dispose of the refund claim in this case. The converse, however, is not true. *Allen,* 225 Cl.Ct. at 557.

In the interest of efficient case management, accordingly, defendant's motion to suspend proceedings pending completion of the action in district court should be allowed.

Inasmuch as proceedings in this court are to be suspended, detailed examination of the merits of plaintiff's motion for an order by this court to prevent defendant from pursuing its collection action is not warranted. That issue, if raised in the district court proceedings, may be resolved there.

IRC § 6672(b) provides that a party may file a bond in a prescribed amount and form to secure the ultimate collection of the penalties in dispute while an attempt is made to resolve the matter, administratively with the IRS, or if necessary, judicially. If such a bond is filed, and the other requirements of Section 6672(b) are met, the IRS may not levy or move to collect the disputed penalty. IRC § 6672(b)(1). If the IRS were to violate Section 6672(b) by attempting to collect the penalty despite a proper bond having been filed, an injunction would be appropriate; indeed, such an exception to the Anti–Injunction Act is expressly provided in IRC § 7421.

Plaintiff here has not filed such a bond. By the terms of IRC § 7421, an injunction cannot lie to prevent the collection of plaintiff's unpaid penalties. To conclude otherwise would render the bond provisions of Section 6672(b) without meaning.

This case, and the judicial collection action, may be pending for a substantial period of time. Assets that might now exist to satisfy the penalties may not be available when the litigation is concluded. Since plaintiff has not filed a bond to secure payment at that time, the IRS reasonably is attempting to protect the fisc in pursuing its administrative collection remedies. Permitting an injunction, in the absence of a bond, would allow any person who has been assessed a penalty to defeat collection for years, and expose the Government to a heightened risk of noncollection, by the mere expedient of paying a small portion of the penalties and filing a refund suit. This would be poor policy, and it is not the law.

Plaintiff's motion to enjoin collection must be denied.

IT IS ORDERED:

In accordance with the foregoing, plaintiff's motion for an order to prevent defendant from pursuing collection action is denied. Defendant's motion to suspend proceedings pending completion of the action in district court is allowed. Defendant shall file a report on the status of proceedings in the United States District Court for the Southern District of New York, No. 94 Civ. 3199, at intervals of 90 days from the date of this order.